NOT FOR PUBLICATION

UNITED STATES COURT OF APPEALS

FOR THE NINTH CIRCUIT

FILED

AUG 6 2020

MOLLY C. DWYER, CLERK
U.S. COURT OF APPEALS

| | |
|---|---|
| JOSEPH M. ALLEN,<br><br>Plaintiff-Appellant,<br><br>v.<br><br>MARK MILLER,<br><br>Defendant-Appellee,<br><br> and<br><br>SCOTT HAUKINS, Property Sergeant; et al.,<br><br>Defendants. | No. 19-35323<br><br>D.C. No. 2:17-cv-01625-JCC<br><br>MEMORANDUM[*] |

Appeal from the United States District Court
for the Western District of Washington
John C. Coughenour, District Judge, Presiding

Submitted August 4, 2020[**]
San Francisco, California

Before: THOMAS, Chief Judge, and HAWKINS and McKEOWN, Circuit Judges.

---

[*] This disposition is not appropriate for publication and is not precedent except as provided by Ninth Circuit Rule 36-3.

[**] The panel unanimously concludes this case is suitable for decision without oral argument. *See* Fed. R. App. P. 34(a)(2).

Joseph Allen appeals the district court's dismissal of his 42 U.S.C. § 1983 action. We review de novo the district court's order granting Mark Miller's motion for summary judgment. *See Frost v. Symington*, 197 F.3d 348, 353 (9th Cir. 1999). We have jurisdiction under 28 U.S.C. § 1291, and we affirm.

The district court correctly held that Mark Miller is entitled to qualified immunity for each of Allen's three constitutional claims. When a defendant raises a qualified immunity defense, we ask "whether the plaintiff's allegations, if true, establish a constitutional violation." *Wilkins v. City of Oakland*, 350 F.3d 949, 954 (9th Cir. 2003). We further inquire whether "the actions alleged violate a clearly established constitutional right, where 'clearly established' means that 'it would be clear to a reasonable officer that his conduct was unlawful *in the situation he confronted*.'" *Id.* (emphasis in original) (quoting *Saucier v. Katz*, 533 U.S. 194, 202 (2001)). Failure to meet either prong is sufficient to sustain the defendant's qualified immunity defense. *See Pearson v. Callahan*, 555 U.S. 223, 236 (2009) (holding that either prong of the qualified immunity test can be addressed first).

Allen first alleges that Miller retaliated against him in response to his protected conduct, in violation of the First Amendment. In the prison context, a retaliation claim has five elements: "(1) An assertion that a state actor took some adverse action against an inmate (2) because of (3) that prisoner's protected conduct, and that such action (4) chilled the inmate's exercise of his First

Amendment rights, and (5) the action did not reasonably advance a legitimate correctional goal." *Rhodes v. Robinson*, 408 F.3d 559, 567–68 (9th Cir. 2005) (footnote omitted). Importantly, "a plaintiff must show that his protected conduct was the substantial or motivating factor behind the defendant's conduct." *Brodheim v. Cry*, 584 F.3d 1262, 1271 (9th Cir. 2009) (internal quotation marks removed) (quoting *Soranno's Gasco, Inc. v. Morgan*, 874 F.2d 1310, 1314 (9th Cir. 1989)).

Allen has failed to allege facts that establish that Miller's search and confiscation did not reasonably advance a legitimate correctional goal. At least some of the confiscated artwork was sexual in nature, which is prohibited as "sexually explicit material" in Washington correctional facilities by the Washington Administrative Code. *See* Wash. Admin. Code § 137–48–020(13). The district court therefore correctly held that Miller was entitled to qualified immunity on Allen's retaliation claim.

Second, Allen argues that Miller's confiscation of his artwork constitutes a constitutional violation of his First Amendment right to freedom of expression. A reasonable officer could have believed that confiscating Allen's sexually explicit artwork was consistent with the First Amendment. We have previously upheld a correctional regulation that prohibited inmates from possessing materials depicting "frontal nudity" on the basis that it was reasonably related to legitimate

3

penological interests such as jail security and the reduction in sexual harassment of female officers. *See Mauro v. Arpaio*, 188 F.3d 1054, 1058–59 (9th Cir. 1999). Washington state similarly prohibits sexually explicit materials in its correctional facilities and Miller could have reasonably believed that Allen's confiscated artwork was prohibited under the relevant administrative regulations. *See* Wash. Admin. Code § 137–48–020(13). Miller is therefore entitled to qualified immunity with respect to Allen's First Amendment claim.

Finally, Allen alleges a Fourteenth Amendment claim for deprivation of personal property. Here too Miller is entitled to qualified immunity because where a state employee engages in a random, unauthorized deprivation of property, either negligently or intentionally, there is no cognizable constitutional violation so long as the state provides an adequate post-deprivation remedy. *See Hudson v. Palmer*, 468 U.S. 517, 533 (1984). Washington state provides an adequate post-deprivation remedy and so Allen lacks a cognizable constitutional claim. *See* Wash. Rev. Code §§ 4.92.090–.100.

**AFFIRMED.**